UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WEARREN FLOYD MURRELL, § <br> TDCJ #01520340, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> § <br> LORIE DAVIS, § <br> § <br> Respondent. § | CIVIL ACTION NO. 3:17-CV-351 <br> APPEAL NO. 18-41157 |

## MEMORANDUM OPINION AND ORDER

This Court dismissed the habeas petition filed by Wearren Floyd Murrell as time-barred under 28 U.S.C. § 2244(d) and denied a certificate of appealability ("COA") (Dkt. 12, Dkt. 13). Petitioner filed a timely motion for post-judgment relief under Federal Rule of Civil Procedure 59(e), which the Court denied because it raised arguments that were, or could have been, made before the judgment issued (Dkt. 16).

Petitioner then filed a notice of appeal from the order denying relief under Rule 59(e) (Dkt. 17), and requested a COA from the appellate court. The appellate court has issued an order remanding the case to this Court for "the limited purpose of allowing the district court to rule on the question whether a COA will issue in connection with the order entered on November 16, 2018, denying his motion to alter judgment" (Dkt. 25, at 2).

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a COA to proceed on appeal. 28 U.S.C. § 2253(c)(1); Rule 11(a), RULES GOVERNING § 2254 CASES; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A COA will not issue unless

the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a COA *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Based upon the parties' filings, all matters of record, and the applicable law, the Court now concludes that reasonable jurists would not find its order denying Petitioner's Rule 59(e) motion to be debatable or wrong. The Court therefore **ORDERS** that a COA will not issue from the Court's denial of relief under Rule 59(e).

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 20th day of August, 2019.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge